**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOAN HROBUCHAK, on her own behalf
and on behalf of all others similarly
situated,

        Plaintiffs,

          v.

FEDERAL INSURANCE COMPANY,

       Defendant,

CIVIL ACTION NO. 3:10-CV-481

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is the Motion to Dismiss of Defendant Federal Insurance Company ("Federal"). (Doc. 6.) For the reasons discussed more fully below, this motion will be granted.

## <u>BACKGROUND</u>

The facts alleged in the Complaint and deduced from the attachments to the Complaint are as follows. Plaintiff Joan Hrobuchak is the representative for a class of plaintiffs who were allegedly subjected to unlawful debt collection practices by American Corrective Counseling Services, Inc. ("ACCS"). Federal issued a professional liability insurance policy to ACCS for a period running from October 29, 2007 to October 29, 2008; this policy had a $2,500,000 liability limit and a $500,000 class claim deductible.

Suit was filed ("the underlying suit") against ACCS on June 20, 2008 in the United States District Court for the Middle District of Pennsylvania, alleging violations of the Federal Fair Debt Collection Practices Act, the Pennsylvania Fair Credit Extension Uniformity Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and the Due Process Clause of the Fourteenth Amendment; Plaintiff was permitted to intervene as the

putative class representative on January 5, 2009. Federal denied coverage for the underlying suit under its policy with ACCS.

On January 19, 2009, ACCS filed for Chapter Eleven bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. On November 2, 2009, the bankruptcy court entered a Judgment Allowing Proof of Claim against ACCS and in favor of the class. That document states that "judgment is in the amount of $2,550,000.00 and is entered in favor of [Plaintiff class] against Debtor American Corrective Counseling Services, Inc." The document also states that the Plaintiff class "may immediately proceed to enforce the Judgment against the Debtors' insurance policy, pursuant to, and as limited by, the First Amended Plan of Liquidation of [ACCS]." However, Plaintiff has not attached the First Amended Plan of Liquidation. Nor has Plaintiff alleged that she tried to enforce the judgment against ACCS or whether that judgment was satisfied by ACCS.

On February 16, 2010, Plaintiff filed the instant suit against Federal in the Court of Common Pleas of Lackawanna County, seeking certification as a class action suit, declaratory relief stating that ACCS' actions were covered by its policy with Federal, damages, and attorney's fees. The case was removed to this Court on March 3, 2010. On April 15, 2010, Defendant filed the instant Motion to Dismiss. The motion has been fully briefed and is currently ripe for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

Under Pennsylvania law, a person may not directly sue an insurer to recover on a judgment rendered against the insured absent a statute or policy provision on which the right to directly sue is predicated. *Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999) (citing *Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp.*, 222 A.2d 493, 494 (Pa. Super. 1966)). Pennsylvania does have a direct action statute, which states:

> No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power and for which loss or damage the person insured is liable, shall hereafter be issued or delivered in this State by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action may be maintained by the injured person, or his or her personal representative, against such corporation, under the terms of the policy, for the amount of the judgment in the said action, not exceeding the amount of the policy.

40 PA. STAT. ANN. § 117.

However, in order to invoke this statute to give a person standing to directly sue an

4

insurance carrier, the Third Circuit Court of Appeals has set out several criteria. In particular, the court held that Pennsylvania's direct action statute "only applies if a judgment has been obtained against an insured, and then only if execution is returned unsatisfied because of the insured's insolvency or bankruptcy." *Liberty Mutual Insurance Co. v. Treesdale, Inc.*, 419 F.3d 216, 223 (3d Cir. 2005).

Although Plaintiff has alleged that a judgment has been obtained against ACCS, neither the Complaint nor the attachments reveal any attempt to execute said judgment against ACCS or that such attempts were returned unsatisfied. While this certainly may have been the case, this Court is left to guess what the Plaintiff received through the First Amended Plan of Liquidation in the bankruptcy action. Without knowing more, Plaintiff has not sufficiently alleged that it can bring direct action against Federal under Pennsylvania law. Nor is there is any provision in the policy issued to ACCS by Federal that allows Plaintiff to bring direct action. As such, Plaintiff has not alleged in her Complaint a statute or policy that would allow her to bring the current action. Therefore, Defendants motion will be granted.

"When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002). As it is possible that Plaintiff will be able to maintain this direct action suit against Federal pursuant to 40 Pa. Stat. Ann. § 117, but has failed to allege the prerequisites necessary to do so, amendment would not be futile. Therefore, Plaintiff will have twenty-one (21) days to amend its Complaint. If Plaintiff fails to amend within the prescribed time period, this Court will order the Clerk of Court to mark this matter as closed.

**CONCLUSION**

      For the foregoing reasons, Defendant's Motions to Dismiss will be granted. An appropriate order follows.

June 9, 2010                                         /s/ A. Richard Caputo
Date                                                    A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOAN HROBUCHAK, on her own behalf
and on behalf of all others similarly
situated,

     Plaintiffs,

        v.

FEDERAL INSURANCE COMPANY,

     Defendant,

CIVIL ACTION NO. 3:10-CV-481

(JUDGE CAPUTO)

## <u>ORDER</u>

**NOW**, this  _9th_  day of June, 2010, **IT IS HEREBY ORDERED** that:

1)     Defendant's Motion to Dismiss (Docs. 6) is **GRANTED**.

2)     Plaintiff has **TWENTY-ONE (21) DAYS** from the date of this Order to file an amended Complaint. Failure to file an amended complaint will result in this case being marked as closed.

                                    /s/ A. Richard Caputo
                                    A. Richard Caputo
                                    United States District Judge