# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN HROBUCHAK, on her own behalf and on behalf of all others similarly situated, | CIVIL ACTION NO. 3:10-CV-481 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| FEDERAL INSURANCE COMPANY, | |
| Defendant, | |

## MEMORANDUM

Presently before the Court is Defendant Federal Insurance Company's Motion for Reconsideration. (Doc. 34.) For the reasons discussed more fully below, this Motion will be denied.

## BACKGROUND

Plaintiffs alleged the following in their Complaint. Plaintiff Joan Hrobuchak is the representative for a class of plaintiffs who were allegedly subjected to unlawful debt collection practices by American Corrective Counseling Services, Inc. ("ACCS"). Federal issued a professional liability insurance policy to ACCS for a period running from October 29, 2007 to October 29, 2008; this policy had a $2,500,000 liability limit and a $500,000 class claim deductible.

Victor Cataquet was the named plaintiff in a purported class action filed ("the underlying suit") against ACCS on June 20, 2008 in the United States District Court for the Middle District of Pennsylvania, alleging violations of the Federal Fair Debt Collection Practices Act, the Pennsylvania Fair Credit Extension Uniformity Act, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, and the Due Process Clause of the

Fourteenth Amendment; Plaintiff was permitted to intervene as the putative class representative on January 5, 2009. Federal denied coverage for the underlying suit under its policy with ACCS.

On January 19, 2009, ACCS filed for Chapter Eleven bankruptcy protection in the United States Bankruptcy Court for the District of Delaware. On November 2, 2009, the bankruptcy court entered a Judgment Allowing Proof of Claim against ACCS and in favor of the class. That document stated that "judgment is in the amount of $2,550,000.00 and is entered in favor of [Plaintiff class] against Debtor American Corrective Counseling Services, Inc." The document also states that the Plaintiff class "may immediately proceed to enforce the Judgment against the Debtors' insurance policy, pursuant to, and as limited by, the First Amended Plan of Liquidation of [ACCS]."

On February 16, 2010, Plaintiff filed the instant suit against Federal in the Court of Common Pleas of Lackawanna County, seeking certification as a class action suit, declaratory relief stating that ACCS' actions were covered by its policy with Federal, damages, and attorney's fees. The case was removed to this Court on March 3, 2010. On April 15, 2010, Defendant filed the instant Motion to Dismiss. After the Motion to Dismiss was granted, Plaintiff filed an Amended Complaint on June 30, 2010 (Doc. 20.), followed by Defendant's Motion to Dismiss on August 6, 2010 (Doc. 23). The Court denied the Motion to Dismiss on October 21, 2010. (Doc. 33.) Defendant then filed a Motion for Reconsideration on November 4, 2010. (Doc. 34.) In its Motion, Defendant argues that the Court has interpreted 40 P.S. § 117 too broadly, and that such an interpretation is a clear error of law. The Motion has been fully briefed by both sides and is ripe for review.

2

## **LEGAL STANDARD**

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). The reconsideration of a judgment is an extraordinary remedy, and such motions are granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

Defendant's Motion for Reconsideration will be denied because Defendant is rearguing a point of law that the Court has already decided in Defendant's Motion to Dismiss. Defendant offers one primary basis for the Court to reconsider its Memorandum denying the Defendant's Motion to Dismiss, namely, that the Court's interpretation of 40 P.S. § 117 is a clear error of law that would lead to a manifest injustice not only for the Defendant, but for similarly situated insurers in future suits.

As stated above, to succeed on a Motion for Reconsideration, the moving party essentially must show: (1) a change in the law; (2) a change in the facts (new evidence); or (3) clear error on the part of the Court.

Under Pennsylvania law, a person may not directly sue an insurer to recover on a judgment rendered against the insured absent a statute or policy provision on which the right to directly sue is predicated. *Kollar v. Miller*, 176 F.3d 175, 181 (3d Cir. 1999) (citing *Philadelphia Forrest Hills Corp. v. Bituminous Casualty Corp.*, 222 A.2d 493, 494 (Pa. Super. 1966)). Pennsylvania does have a direct action statute. 40 P.S. § 117 states:

> No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power and for which loss or damage the person insured is liable, shall hereafter be issued or delivered in this State by any corporation, or other insurer, authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy . . ..

Defendant argues that the term "injury" in the passage quoted immediately above means "personal injury." Basing its reasoning on the plain-language of the statute, the Court

does not agree that the term is meant to be applied that narrowly. This argument has already been raised by Defendant in its Motion to Dismiss, and a Motion for Reconsideration is not the proper forum to re-iterate previous arguments. Defendant also argues that the Court's reliance on *Philadelphia Forrest Hills Corp. v. Bituminous Cas. Corp.*, 208 Pa. Super. 461 (1966) was misplaced, but the salient point in referencing that case was solely that a Pennsylvania appellate court had found that 40 P.S. § 117 was a remedial statute that should be interpreted broadly. In sum, these arguments are insufficient to demonstrate that the Court's prior ruling was based on a clear error of law.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Reconsideration (Doc. 34) will be denied. An appropriate order follows.


12/13/10                                                   /s/ A. Richard Caputo  
Date                                                          A. Richard Caputo  
                                                                   United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOAN HROBUCHAK, on her own behalf and on behalf of all others similarly situated, | CIVIL ACTION NO. 3:10-CV-481 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| FEDERAL INSURANCE COMPANY, | |
| Defendant, | |

## ORDER

**NOW**, this  13th  day of December, 2010, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration (Doc. 34) is **DENIED**.

 

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge