## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOAN HROBUCHAK and** | : | |
| **KAREN MAGHRAN, on their own** | | |
| **behalf and on behalf of all others** | : | |
| **similarly situated,** | | **CIVIL ACTION NO. 3:10-0481** |
| | : | |
| **Plaintiffs** | | **(JUDGE MANNION)** |
| | : | |
| **v.** | | |
| | : | |
| **FEDERAL INSURANCE COMPANY,** | | |
| | : | |
| **Defendant** | | |
| | : | |

## MEMORANDUM AND ORDER

Presently before the court is the plaintiffs' motion to alter or amend the clerk's judgment which was entered subsequent to the court's order dated May 24, 2013, (Doc. No. 102). Finding that the plaintiffs failed to properly raise the argument they now ask the court to consider and have failed to satisfy the limited grounds for which a motion to reconsider may be granted, the motion will be **DENIED**.

## I.    BACKGROUND

The underlying dispute in this matter centers on the scope of coverage of an errors and omissions insurance policy (hereinafter the "Policy") issued by the defendant to now-bankrupt American Counseling Services, Inc. (hereinafter "ACCS"). On March 3, 2010, the defendant removed to this court

the present case in which the plaintiffs seek to enforce the judgment rendered by the United States Bankruptcy Court for the District of Delaware which purported to award class damages for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act ("PFCEU"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCPL") by ACCS against the plaintiffs. The lengthy procedural history of this case has been well documented in prior memoranda issued by this court, however, the issue presently before the court is far narrower in scope.

On May 24, 2013, the court issued a memorandum and order, (Docs. No. 97, 98), which found the plaintiffs' motion to certify the plaintiff class to be moot; denied the defendant's motion to vacate the order of the bankruptcy court; granted the plaintiffs' motion for summary judgment to the extent that the court found the bankruptcy court's judgment to be valid, and; granted the defendant's motion for summary judgment with respect to the scope of coverage of the Policy. The court found that the Policy did not cover claims arising under the PUTPCPL but did cover claims under the FDCPA and that the Policy was limited to claims occurring between October 29, 2007 and October 29, 2008. The clerk of the court subsequently entered judgment with respect to each motion for summary judgment, (Docs. No. 99; 100).

On June 24, 2013, the plaintiffs filed the instant motion to alter or amend the clerk's judgment regarding the scope of insurance coverage pursuant to

Federal Rule of Civil Procedure 59(e), (Doc. No. 102), and a brief in support, (Doc. No. 103). The plaintiffs argue that the court failed to examine their argument that the court should have applied Pennsylvania's reasonable expectation doctrine to look beyond the language of the Policy and review additional evidence of the original parties' intent to insure prior acts, dating back to June 21, 2001.

On July 15, 2013, the defendant filed a brief in opposition, (Doc. No. 108). The defendant argues that the plaintiffs did not argue in their motion for summary judgment, though they had the opportunity to do so, that the reasonable expectation doctrine should be applied to their claims regarding prior acts. In addition, the defendant argues that the plaintiffs have failed to demonstrate any intervening change in controlling law to warrant reconsideration of the judgment and, alternatively, that it is well settled that the reasonable expectations doctrine does not applied to commercial insureds.

On July 26, 2013, the plaintiffs filed a brief in reply, (Doc. No. 110), arguing that they properly raised the reasonable expectations doctrine in their prior briefs, that they met the high bar for altering or amending a judgment under Federal Rule of Civil Procedure 59(e) and that the reasonable expectations doctrine may be applied to commercial insureds.

## II.    DISCUSSION

The plaintiffs argue at length that the court should have applied Pennsylvania's reasonable expectations doctrine and examined evidence related to the parties' negotiations to determine that the parties actually agreed that the Policy would cover prior acts dating back further than the date expressly stated in the Policy itself. Both parties engage the question of whether the reasonable expectations doctrine is applicable when the insured is a sophisticated commercial entity. Nevertheless, the court finds no occasion to address the application of the reasonable expectation doctrine to the prior acts date because the plaintiffs failed to both properly raise their present argument at the summary judgment stage and have failed to demonstrate a change in controlling law to warrant the court's reconsideration of its prior order.

To succeed on a motion to reconsider, the moving party must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Motions under 59(e) are appropriate only to rectify plain errors of law or fact or to offer newly discovered evidence, and they may not be used to relitigate old matters or to raise arguments or present evidence that could have been offered earlier." *Mendez v. Sullivan,*

[488 F. App'x 566, 568 (3d Cir. 2012)](citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)).

In the plaintiffs' brief in support of their motion for summary judgment, the discussion of the parties' reasonable expectations of coverage is confined to a single short paragraph. (Doc. No. [69](#) at 15). The focus of the discussion, however, is whether the parties reasonably expected the FDCPA claims to be covered under the terms of the agreement. At no point in this brief discussion of the parties' expectations do the plaintiffs posit any argument with respect to the prior acts date which is the focus of the instant motion. Moreover, the plaintiffs rely on a single Pennsylvania case, *Bishops, Inc. v. Penn Nat. Ins.*, 984 A.2d 982 (Pa. Super. 2009), to support their argument that their reasonable expectations should be taken into account. The cited case, however, is merely a general description of the rules of interpretation for insurance contracts under Pennsylvania law. Although the case references the reasonable expectations doctrine, it is by no means a core element of the court's holding nor does it involve a dispute regarding prior acts coverage. Moreover, at no point in the motion for summary judgment or supporting brief do the plaintiffs cite to the case law they now claim to be controlling on this issue. In its memorandum and order of May 28, 2013 the court ultimately found that FDCPA claims were not excluded from coverage by the language of the policy and, as such, did not explore the application of reasonable expectations with respect to the FDCPA claims. The court finds that the

plaintiffs' short discussion of the parties expectations regarding FDCPA coverage did not raise the broader argument of the applicability of the doctrine with respect to the prior acts date.

The plaintiffs argue that the brief in support of their motion for summary judgment clearly raised the reasonable expectation doctrine with respect to the prior acts date because the defendant's brief in opposition addressed the parties expectations regarding the prior acts date. (Doc. No. 81 at 22). The court, however, will not hold the fact that defense counsel was conscientious and thorough in preparing its opposition as an admission by the defendant at this stage. Therefore, the court finds that the plaintiff did not sufficiently raise the application of Pennsylvania's reasonable expectations doctrine with respect to the prior acts date in its motion and initial brief.

In addition to finding that the plaintiffs failed to raise the issue now argued before the court, the court also finds that the plaintiffs have not met the high burden for the court to reconsider its prior order. The plaintiffs do not assert that any new evidence has become available, rather they argue that there has been a change in controlling law and that the court should amend its prior order to prevent injustice. The court finds that there has been no change in controlling law nor will injustice occur in light of the fact that the plaintiffs failed to properly raise the issue initially.

The plaintiffs rely on *Austin James Associates, Inc. v. American Intern. Specialty Lines Ins. Co.*, 2012 WL 4755394 (M.D. Pa. Oct. 5, 2012), as an

intervening decision which warrants reconsideration of this courts prior order. This is however, not an intervening change in *controlling* law. The plaintiffs argue that the *Austin James* court's interpretation of the applicability of the reasonable expectations doctrine to commercial insureds represents a modification of the established Third Circuit holdings in the area. Although the recent holding in *Austin James* clearly supports the plaintiffs' position, as a District Court ruling, this decision is not binding on this court and therefore does not represent a change in controlling law. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 15, 2013**